OPINION OF THE COURT
Michael S. Alonge, J.
The defendant brings this motion to both compel arbitration and vacate a default judgment in the amount of $11,066.
This raises the unique question of whether a party can move to compel arbitration after a default judgment has been entered, a situation for which there does not seem to be any cases directly on point.
This case arises from a construction contract wherein plaintiff company was hired to perform approximately $19,000 *353 worth of electrical work on a building project. The defendant, in its moving papers, claims that the contract contained, by incorporation and reference to a master agreement, an arbitration clause which bound the parties in the event of any disputes.
On or about August 10, 1997, the defendant (CMG) contracted with the plaintiff (Massaro), a subcontractor for the electrical work on a Big Party (Owner) store located at the Rockhill Shopping Center in Scarsdale, New York. However, CMG alleges that both a subcontract agreement and a master agreement were sent to plaintiff by fax on November 6, 1997. CMG has produced a signed copy of the subcontract, but is unable to locate a signed copy of the master agreement. Contract documents were also referred to in CMG’s notice to proceed sent to the plaintiff on August 19, 1997.
In a sworn supporting affidavit by Ronald E. Standley, division manager of CMG, he states that Massaro was paid for work performed and that it is the strict policy of CMG not to make any payment to subcontractors without a signed master agreement.
Disputes arose on the project and the plaintiff corporation now claims it is owed $11,066. A summons and complaint were served on defendant on September 22, 1998. Discussions followed between the parties in which the defendant raised the issue of arbitration. However, the defendant’s in-house counsel alleges that the plaintiff’s attorney agreed not to file for a default judgment pending a search for a signed master agreement.
Plaintiff’s attorney contends that he requested a copy of the signed master agreement, and after he did not receive it, decided that the defendant was not dealing in good faith and filed for the default judgment which was duly entered on November 19, 1998. Defendant then moved to compel arbitration, the plaintiff opposed the motion, and in the reply papers the defendant added a motion to vacate the default judgment.
There are three questions raised by this fact pattern: (1) Can a motion to arbitrate be made after the entry of a default judgment? (2) Was there an enforceable arbitration agreement? (3) Are there grounds to vacate the default judgment?
The first question appears to be one of first impression in this State. Neither party cites any case law in support of its respective position. It really boils down to the issue of whether the demand was “timely” made.
*354 Under the circumstances presented here, the defendant did not formally request or move to compel arbitration even though there were discussions between the parties after the summons and complaint were served. Once the default judgment was entered, there was no “action pending” which could be stayed. In other words the action was over. The remedy is clearly to move to vacate or appeal — but not to compel arbitration.
The right to arbitrate may be waived, modified or abandoned, and once lost can never be recaptured. (Sherrill v Grayco Bldrs., 64 NY2d 261 [1985].) This case, while addressing issues not germane to this discussion, held that a court may appropriately determine the threshold question of whether the right to arbitration has been waived since it involves neither the merits of the claim nor conditions of arbitration (CPLR 7501).
This court finds that once a judgment has been entered there can be no other alternative but to consider the right to arbitration waived.
As for the second question, that is, whether there was an agreement between the parties to arbitrate, the defendant has not been able to produce a signed agreement. At best it is relying on vague references contained in the small print and incorporated by reference to an unsigned master agreement to bind the plaintiff. This court finds that there was no agreement to arbitrate.
Finally, defendant’s motion to vacate the judgment, while contained in the reply affirmation, is appropriately made. In the interests of judicial economy it will be treated as a motion to vacate.
Here, the criteria to vacate are simply whether the defendant’s default is excusable and whether there is a meritorious defense. Defendant asserts that plaintiff had agreed not to file for a default judgment while the defendant searched for the original signed master document. Defendant claims that it was not aware of the default judgment until the affirmation in opposition to the motion for arbitration was submitted by plaintiff’s counsel. Further, defendant claims that the disputed amount was, in fact, paid to the plaintiff as part of the base contract. This is clearly an excusable default and a meritorious defense. The motion to vacate is granted.